**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LAMEIA SOLOMON,
                Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
DA-3330-16-0161-I-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lameia Solomon</u>, Choctaw, Oklahoma, pro se.

<u>Brandi M. Powell</u>, New Orleans, Louisiana, for the agency.

<u>Ouida F. Adams</u>, Shreveport, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed in part her appeal under the Veterans Employment Opportunities Act of 1998 (VEOA) for lack of jurisdiction and denied her request for corrective action

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as to her remaining claims.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective November 2, 2014, the agency appointed the appellant to the position of Voucher Examiner, GS-6, under Vacancy Announcement FG-14-TS-1179158-BU, at the agency's Alexandria, Virginia Medical Center.  Initial Appeal File (IAF), Tab 16 at 7.  The agency's letter notifying the appellant of this appointment indicated that it was a career-conditional appointment, IAF, Tab 16 at 5, but the Standard Form 50 (SF-50) issued shortly thereafter indicated that the appointment was made to the excepted service pursuant to the Veterans Recruitment Appointment (VRA) authority,[2] *id.* at 7.

¶3    Over the course of the following year, the appellant applied for several positions within the agency.  IAF, Tab 2 at 34-53, 60-65; Tab 8 at 8.  For two of the positions, the appellant submitted applications before the agency issued the vacancy announcements.  IAF, Tab 2 at 17, 26, 34-53, 60-65.  Nonetheless, the

---

[2] 38 U.S.C. § 4214 is the statutory authority for VRA appointments.

agency considered her applications but determined that she lacked the level of specialized experience required for the positions. *Id.* at 64-65; IAF, Tab 8 at 28, Tab 45 at 5-6. For a third application, the agency considered her submission, but found that she lacked any background in clinical administration as required by the vacancy announcement. IAF, Tab 3 at 4, Tab 37 at 8. For the fourth available position, the agency already had determined that the appellant was not qualified for the job when it reviewed her application prior to the vacancy announcement. IAF, Tab 21 at 3, 6-10. Thus, the appellant was not selected for any of the four positions.

¶4    In December 2015, the appellant filed a VEOA appeal with the Board arguing that the agency deterred her from applying for other vacancies when it changed her initial appointment from a career-conditional appointment to an excepted-service appointment under the VRA and that it was inconsistent in its statements of eligibility criteria for other positions. IAF, Tab 1 at 5, Tab 8 at 2-3; Tab 16 at 3-7. The appellant filed several submissions concerning the vacancies, her communications with agency employees, and her applications. IAF, Tabs 1-4, 8-10, 16, 18, 21. Subsequently, the administrative judge issued orders on whether the Board had jurisdiction over the appeal under either the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) or the Whistleblower Protection Enhancement Act of 2012 (WPEA). IAF, Tabs 32-33.

¶5    The appellant responded to the USERRA jurisdictional order, again claiming that the agency unlawfully altered her SF-50 for the Voucher Examiner appointment to show that she received a VRA appointment, which hindered her ability to be considered for other vacancies. IAF, Tab 38 at 3. In response to the WPEA jurisdictional order, the appellant submitted correspondence she had had with the Office of Special Counsel (OSC) regarding a complaint she filed in December 2015. IAF, Tab 40 at 8-12. She also alleged that she made protected

disclosures that the agency was in violation of the veterans' preference statutes or regulations under VEOA. *Id.* at 4.

¶6      The appeal continued through its normal course, but in an order and summary of a close-of-record conference, the administrative judge stated that she would separately address the appellant's USERRA and WPEA claims. IAF, Tab 52 at 2 n.1. The appellant filed a timely objection to the administrative judge's decision arguing that the agency had not contested the USERRA and WPEA claims, as it had failed to respond to any of the related pleadings. IAF, Tab 51 at 3.

¶7      On July 26, 2017, the administrative judge issued an initial decision dismissing the appeal in part for lack of jurisdiction and denying corrective action under VEOA as to the appellant's remaining claims. IAF, Tab 57, Initial Decision (ID). Specifically, the administrative judge found that the appellant failed to exhaust her administrative remedies with the Department of Labor (DOL) concerning her grievances with two of the vacancies. ID at 4-6 (citing 5 U.S.C. § 3330a(a)(2)(A); *Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶ 14 (2008)). Regarding the remaining claims, the administrative judge found that the appellant established jurisdiction over them, ID at 6-8, but that nothing in the VRA appointment authority for her initial position required that the agency select the appellant for any of the vacancies for which she applied and that, therefore, she was not entitled to corrective action under VEOA, ID at 8-9.[3]

---

[3] The administrative judge also briefly discussed the second type of claim provided for by VEOA at 5 U.S.C. § 3304(f)(1), which states that preference eligible or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures. ID at 6-7. The administrative judge found this provision inapplicable to the instant case because the agency did not accept applications from outside its own workforce for any of the vacancies at issue. ID at 9-10.

¶8 At the end of the initial decision, the administrative judge included a footnote addressing the alleged USERRA and WPEA claims. ID at 10 n.10. She summarized the relevant pleadings and the appellant's objection to the separate docketing of the claims.[4] *Id.* She also stated that "the Board does not have jurisdiction under VEOA to consider these claims." *Id.* (citing *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶¶ 10-11 (2001)). The administrative judge again reminded the appellant that if she still wished for the Board to address these claims, she could file new, separate appeals with the Board. *Id.*

¶9 The appellant has filed a petition for review arguing that the Board has jurisdiction to review her USERRA and WPEA claims. Petition for Review (PFR) File, Tab 1 at 5-7. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10 The appellant does not appear to challenge any of the administrative judge's findings concerning the VEOA claims. *Id.* We have reviewed the record, and we find no reason to disturb those findings here. Regarding the alleged USERRA and WPEA claims, we note as an initial matter that, although the administrative judge stated in the initial decision that the Board does not have jurisdiction under VEOA to consider USERRA or WPEA claims, ID at 10 n.10, she nonetheless issued jurisdictional orders on those potential claims to provide the appellant with notice of what is required to establish jurisdiction over those claims independent

[4] Based on our search of Board filings, it does not appear than an IRA or USERRA appeal concerning these claims was docketed. The appellant did file IRA appeals in 2017 and 2019, but these seem to be based on later OSC complaints. *See Solomon v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-18-0120-W-1; *Solomon v. Department of the Army*, MSPB Docket No. DA-1221-19-0439-W-1. As to the 2017 IRA appeal, the administrative judge issued an initial decision denying corrective action. *Solomon v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-18-0120-W-1, Initial Decision (Oct. 2, 2018). The administrative judge issued an initial decision dismissing the latter appeal for lack of jurisdiction. *Solomon v. Department of the Army*, MSPB Docket No. DA-1221-19-0439-W-1, Initial Decision (Aug. 22, 2019). Both matters are now final.

of VEOA jurisdiction, IAF, Tabs 32-33. Therefore, it is not clear from the record whether these potential claims were dismissed for lack of jurisdiction.

¶11     Regardless, we have thoroughly reviewed the record, and we do not discern any coherently articulated USERRA claim. Nonetheless, as the administrative judge instructed, the appellant is within her rights to file a separate USERRA appeal concerning any claim she believes she may have. Regarding the potential WPEA claim, we recognize that the record contains correspondence with OSC concerning a complaint that the appellant filed in 2015; however, it does not appear that the complaint itself is contained in the record, nor is any comprehensive documentation submitted to OSC detailing her grievances, leaving the Board to speculate as to what issues were brought before that forum. IAF, Tab 40 at 8-10. Further, although the record appears to include what purport to be the appellant's allegations concerning her protected disclosures, those statements are intertwined with her arguments pertaining to her VEOA claim, and the Board is unable to assess which statements are intended to support a WPEA claim and which are intended to support a VEOA claim. *Id.* at 4-7. Moreover, we are unable to discern from the record whether these statements were provided to OSC or whether they were submitted in response to the administrative judge's jurisdictional order.

¶12     We remind the appellant that it is not the Board's obligation to construe and make sense of allegations that are set forth at various parts of a voluminous case file. *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002). Rather, the affirmative responsibility to present evidence and argument is that of the parties. *Id.* Further, the appellant is required to articulate her claims with reasonable clarity and precision. *Id.* We find that the appellant has failed to do so here, as her WPEA-related submissions (and by extension, her arguments) are confusing and do not present a clear representation of what she is attempting to claim. Therefore, as with her USERRA claim, should she wish to pursue a WPEA claim based on her 2015 OSC complaint, she may do so separately.

¶13    We have considered the appellant's arguments on review, but we conclude that a different outcome is not warranted.  Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.